UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COURTNEY RHEM,<br><br>    Plaintiff,<br><br>  v.<br><br>SAFEWAY INC.,<br><br>    Defendant. | CASE NO. C13-5545 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND AND SUPPLEMENT AND TO REMAND |

This matter comes before the Court on Plaintiff Courtney Rhem's ("Rhem") motion to amend and supplement the complaint and remand (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 6, 2013, Rhem filed the above-entitled action in Pierce County Superior Court against her employer Defendant Safeway Inc. ("Safeway") for gender discrimination (sexual harassment) and retaliation. Dkts. 1 at 6-10 (Compl.) and 22 at 1-2 (Rhem Decl.). The complaint alleges that after reporting that a managerial employee had engaged in sexual harassment, Rhem was demoted from her managerial position as a

ORDER - 1

1  Store Person-In-Charge resulting in a substantial loss of pay and benefits. Dkt. 1 at 6-10
2  (Compl.).  On July 3, 2013, Safeway timely removed the action to this Court on the basis
3  of diversity jurisdiction.  Dkt. 1.

4  On December 26, 2013, Rhem filed the instant motion to amend and supplement
5  her complaint, adding an additional defendant, Linda Johnson ("Johnson"), Rhem's store
6  manager, and alleging Johnson has engaged in a series of on-going retaliatory acts after
7  the filing of this suit.  *See* Dkts. 21 at 2; 22 at 2-4 (Rhem Decl.); and 21-2 at 4-5
8  (Amended Compl.).

9  On January 13, 2014, Safeway responded in opposition to Rhem's motion to
10 amend and remand.  Dkt. 23.  On January 17, 2014, Rhem replied to Safeway's response.
11 Dkt. 25.

## II. DISCUSSION

**A.     Motion to Amend and Supplement Complaint**

Fed. R. Civ. P. 15 sets forth the basic rule that courts "should freely give leave" to a party to amend its pleadings when "justice so requires":

> ...[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

FRCP 15(a)(2).

In this instance, "justice so requires" due to the alleged on-going retaliation on the part of Johnson that has occurred after the filing of the initial complaint. Dkts. 22 at 2-4 (Rhem Decl.) and 21-2 at 4-5 (Amended Compl.).

1       Additionally, The Ninth Circuit Court of Appeals, relying upon 28 U.S.C.

2 §1447(e), has ruled that when a post-removal motion to join an additional defendant will

3 destroy diversity, joinder is subject to the Court's discretion. *Newcombe v. Adolf Coors*

4 *Company*, 157 F.3d 686, 691 (9th Cir. 1998). 28 U.S.C. §1447(e) provides:

> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

7       In exercising its discretion to allow joinder of a defendant, the following factors

8 should be considered:

> 1. Whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a);
> 2. Whether the statute of limitations would preclude an original action against the new defendants in state court;
> 3. Whether there has been unexplained delay in requesting joinder;
> 4. Whether joinder is intended solely to defeat federal jurisdiction;
> 5. Whether the claims against the new defendant appear valid; and
> 6. Whether denial of joinder will prejudice the plaintiff.

14 *See IBC Aviation Services, Inc. v. Campania Mexicana D Aviacion, S.A. De C.V.*, 125 F.

15 Supp. 2d 1008, 1011 (N.D. Cal. 2000).

16       First, Johnson's alleged retaliatory acts, often in the form of formal discipline,

17 occurred after the initiation of this lawsuit and directly impacted Rhem's work hours and

18 income. *See* Dkt. 22 (Rhem Decl.). The fact that Johnson formally disciplined Rhem 13

19 times in the five months after Rhem filed this lawsuit is confirmed by Johnson's own

20 declaration. Dkt. 24 at 5-6 (Johnson Decl.). Rhem's additional allegations against

21 Johnson pertain to retaliation for Rhem's reporting of the initial harassment to store

22 managers, including a January 19, 2013 written complaint to Johnson herself. Dkt. 1 at 8.

In Rhem's amended complaint, her allegations of ongoing retaliation appear to arise from the initial incidents alleged in Rhem's first complaint regarding harassment by a store manager, her complaints of harassment and retaliation for her reporting. *See* Dkts. 1 at 6-10 (Compl.) and 21-2 (Amended Compl.). If Johnson, a non-diverse party, is joined, complete adjudication and relief of this matter can be achieved in state court for Rhem's state law claims. *See* Fed. R. Civ. P. 19(a).

Second, there would be no statute of limitations issue were Rhem to file suit solely against Johnson for claims of retaliation, as Rhem's new allegations against Johnson arose based on her conduct after the initiation of this lawsuit on June 3, 2013. *See supra*. However, as stated above, the new allegations Rhem makes against Johnson all arise out of the initial harassment, complaints pertaining to that harassment, and retaliation stemming therefrom that Rhem initially made against Safeway. To try all claims together in a state court action is appropriate as all of them are state law claims, essentially arising out of the same transaction or occurrence, or set of transactions or occurrences, and it is in the interest of judicial economy to do so.

Third, the Court finds that Rhem did not unjustly delay amending her complaint to add the new allegations against Johnson. Rhem filed her motion to join Johnson before the Court's deadline for amending pleadings. Dkts. 20 (deadline for amending pleadings was January 6, 2013) and 21 (motion to amend was filed on December 26, 2013). Again, as stated above, the allegations against Johnson for her retaliatory acts arose based on conduct occurring after the initiation of this suit. *See supra*. This is confirmed by Rhem and Johnson's declarations. *Id*. These claims could not have been brought before

1  removal, while the action was pending in state court, because the Johnson had not
2  engaged in the conduct that gave rise to Rhem's additional allegations.
3       Fourth, based on the Court's review of the record, the pleadings, declarations and
4  other documents, for the reasons stated above, mainly the timing of Johnson's conduct,
5  the Court finds that the record *does not* support that Rhem's motive for adding Johnson
6  and the allegations against her is to destroy diversity jurisdiction.
7       Fifth, the alleged conduct by Johnson appears valid.  Based on the record now
8  before the Court, amendment of the pleadings and joinder of Johnson appears to be a
9  legitimate request premised on viable causes of action.
10      Sixth, the Court finds that a denial of joinder would prejudice Rhem. Although
11 Rhem could file a separate suit against Johnson in state court, all the allegations in this
12 action appear so related that it would not be in the interest of economy to Rhem, Safeway
13 or the courts to do so.  Although Safeway maintains that they have been litigating this
14 case for the last six months and that a remand (due to the addition of a non-diverse party)
15 would increase costs, they provide no explanation and do not identify a single cost that
16 would result from such an order to remand.  *See* Dkt. 23. Rhem maintains that not a
17 single deposition has been taken in this case. Dkt. 25 at 6.  Further, Rhem submits that
18 Safeway has not provided multiple items of discovery, including, for example, a
19 videotaped incident that Johnson used as a basis for at least one disciplinary action
20 against Rhem.  *See* Dkts. 25 at 6 and 27 at 2 (Dan Albertson, Rhem's counsel, Decl.).
21 According to Rhem, the last six months "have largely consisted of Plaintiff's attempts to
22 gain Defendant's compliance with the discovery rules." Dkt. 25 at 6. Therefore, Rhem

1  plans to make a motion to compel the discovery of undisclosed documents and argues

2  that amending her complaint now and adding Johnson is in the interests of efficiency to

3  both parties as well as the Court because any motions to compel should be decided by the

4  court that will hear the case, which in this case she argues should be the state court. Dkt.

5  25 at 6. Denying joinder of Johnson and forcing Rhem to litigate a case with related

6  claims in two courts would prejudice Rhem.

7  **B.     Motion to Remand**

8  Where, as here, a proper motion to amend, supplement and join another party

9  results in a lack of complete diversity among the plaintiff and the defendants, the Court

10  finds the case should be remanded to the state court.  28 U.S.C. §1332(a).  Despite

11  Safeway's argument to the contrary, § 301(a) of Labor Management Relations

12  Management Act ( 29 U.S.C. § 185(a)) does not pre-empt Rhem's claims under the

13  Washington Law Against Discrimination ("WLAD"). *See* Dkt. 23 at 7-9. Although Rhem

14  was a union member and her employment relationship with Safeway is largely governed

15  by the collective bargaining agreement ("CBA") negotiated between her union and

16  Safeway, Rhem is not required to exhaust her remedies under the CBA, nor do her state

17  claims under WLAD depend upon interpretation of the CBA such that they require the

18  suit to remain in federal court. *Id.*  Rhem alleges statutory causes of action against

19  Safeway and Johnson under WLAD, and such claims are not pre-empted under § 301(a).

20  *See Bruce v. Northwest Metal Prods. Co.,* 79 Wn. App. 505, 512-513 (1985)

21  (discrimination claims arising out of WLAD are not pre-empted by any CBA

22  requirements or remedies; they are non-negotiable rights under the CBA, which

employees may choose to vindicate via the CBA or the filing of a civil action; exhaustion of remedies under the CBA does not apply to WLAD).

### III. ORDER

Therefore, it is hereby **ORDERED** that Rhem's motion to amend and supplement her complaint as well her motion to remand (Dkt. 21) are **GRANTED**. The Clerk is directed to **REMAND** this case to Pierce County Superior Court.

Dated this 4th day of February, 2014.

BENJAMIN H. SETTLE
United States District Judge